In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00069-CR
______________________________

HUBERT LEON JEFFERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee

                                              

On Appeal from the 276th Judicial District Court
Camp County, Texas
Trial Court No. CF-04-049

                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION
            Hubert Leon Jefferson appeals his conviction for delivery of cocaine in an amount greater
than four grams but less than 200 grams. See Tex. Health & Safety Code Ann. § 481.112(d)
(Vernon 2003). The issue Jefferson raises in this appeal is identical to that he presents in Jefferson
v. State, No. 06-05-00046-CR. Since the arguments presented are identical in each appeal, for the
reasons stated in Jefferson v. State, No. 06-05-00046-CR, we affirm the trial court's judgment in this
case.
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          October 21, 2005
Date Decided:             October 24, 2005

Do Not Publish

 [defense counsel] needed to investigate to understand defenses
that you would have to those allegations that he hasn't investigated?

 [Weathers]: No, sir.

 After having read the entire record of the sentencing hearing in this case, we find no
affirmative demonstration of ineffective assistance of counsel. (4) We find no error regarding
Weathers' issue on ineffective assistance of counsel at trial. 

 Weathers' second complaint on appeal is that the trial court erred in failing to have her
examined for competence regarding the voluntariness of the pleas she entered in these cases. In our
review of the record, we find that Weathers answered the questions asked of her by the trial court
in a reasonable and knowledgeable manner. There is no indication in the record that Weathers was
incompetent to enter her pleas. Defense counsel stated that he had known Weathers for "a long time"
(Weathers stated in her response that he had represented her since 1999) and that it was counsel's
opinion she was competent to stand trial. We find no indication of incompetence on the part of
Weathers. A person is presumed to be competent to stand trial unless proven incompetent. Tex.
Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006). We find no error regarding this complaint. 

 Weathers further contends on appeal that she received ineffective assistance of counsel on
appeal. In this case, Weathers' counsel filed an Anders (5) brief in which he discusses the record and
reviews the proceedings and concludes that there are no arguable points of error to support the
appeal. After our independent review of the record, we agree with appellate counsel that there are
no arguable points of error in this case. (6) Ineffective assistance of counsel on appeal has not been
shown.

 We affirm the judgment of the trial court.

 Josh R. Morriss, III

 Chief Justice

 

Date Submitted: August 2, 2007

Date Decided: August 16, 2007

Do Not Publish

 

1. Weathers has three appeals pending in this Court under cause numbers 06-06-00136-CR,
06-06-00137-CR, and 06-06-00138-CR. In some documents filed in these cases, Weathers is
referred to as "Karla Louise Vasquez," "Karla Vasquez," or "Vasquez Weathers."
2. This is an appeal from an adjudication of guilt proceeding; thus, the agreement reached in
this case does not fall under the plea bargain agreement contemplated by Rule 25.2(a)(2) of the
Texas Rules of Appellate Procedure. See Tex. R. App. P. 25.2(a)(2).
3. Article 42.12, Section 5(b) of the Texas Code of Criminal Procedure prohibits an appeal of
the trial court's decision to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, 5(b) (Vernon
2006); Hargesheimer v. State, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006). However, a defendant
may appeal from other matters that occurred at the punishment proceeding other than the decision
to adjudicate. The asserted error must directly and distinctly concern the second phase; the claim
must, on its face, relate to the sentence imposed, not to the decision to adjudicate. Hogans v. State,
176 S.W.3d 829, 834 (Tex. Crim. App. 2005).

4. Appellate courts can rarely decide the issue of ineffective assistance of counsel because the
record almost never speaks to the strategic reasons that trial counsel may have considered. The
proper procedure for raising this claim is therefore almost always habeas corpus. Aldrich v. State,
104 S.W.3d 890, 896 (Tex. Crim. App. 2003).
5. See Anders, 386 U.S. 738.
6. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Weathers in this case. No
substitute counsel will be appointed. Should Weathers wish to seek further review of this case by
the Texas Court of Criminal Appeals, Weathers must either retain an attorney to file a petition for
discretionary review or Weathers must file a pro se petition for discretionary review. Any petition
for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any
petition for discretionary review must be filed with this Court, after which it will be forwarded to
the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App.
P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.